IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CARIBBEAN PARTS AGENCY, INC.

    Plaintiff

               v.

HASTINGS MANUFACTURING
COMPANY, LLC.

    Defendants

**Civil No. 08-1281 (SEC)**

**OPINION and ORDER**

Pending before this Court is Plaintiff Carribean Parts Agency, Inc.'s ("CPA") Motion to Amend the Pleadings (Docket # 15), Defendant Hastings Manufacturing Company, LLC's ("HMC") objection thereto (Docket # 18), and Plaintiff's Supplemental Motion to Motion to Amend Pleadings (Docket # 29). Upon reviewing the filings, and the applicable law, Plaintiff's motion to amend is **GRANTED**.

**Factual Background**

On February 20, 2008, CPA filed a suit against Defendant in state court, alleging that Defendant terminated their exclusive sales contract, without just cause, in violation of the Puerto Rico Dealers' Contracts Act ("Law 21"), P.R. Laws Ann. tit. 10, § 278 *et seq*. Docket # 1, Exhibit A. Shortly thereafter, Defendant filed a notice of removal. Docket # 1. On April 4, 2008, Defendant also filed the answer to the complaint. Docket # 6. On April 23, 2008, a scheduling order was filed in this Court stating that all amendments to the pleadings were due by June 2, 2008. Docket # 7.

Thereafter, the parties began to conduct discovery. During the September 9, 2008 deposition of Mr. Emilio Colón (President of CPA), it was revealed that Plaintiff had been incorrectly named as Carribean Parts Agency, a variation of the trademark name "Carribean

**CIVIL NO. 08-1281 (SEC)**                                                                                    Page 2

Parts Plus Agency," a *"doing business as,"* or commercial name of ECL Enterprises, Inc. ("ECL").

As a result, on September 11, 2008, Plaintiff filed a motion to amend the pleadings, requesting that the their name be modified to read as follows "ECL Enterprises, Inc. d/b/a/ Carribean Parts Agency, Inc." Docket # 15. That same day, Defendant filed an objection to Plaintiff's request, alleging that said motion was brought in bad faith by Plaintiff. Docket # 18. On October 15, 2008, Plaintiff filed a supplemental motion to their original motion to amend pleadings, alleging that the misnomer was a "good faith error made when drafting the original complaint." Docket # 29.

**Standard of Review**

FED. R. CIV. P.15(a) provides that a party may amend its pleadings once, as a matter of course, before being served with a responsive pleading. However, after a responsive pleading has been filed, a party may only amend its pleading with leave of court, or with the opposing party's written consent.  Pursuant to said rule, leave to amend pleadings "shall be freely given when justice so requires."  The First Circuit has held that "the rule reflects a liberal amendment policy, [sic] but even so, the district court enjoys significant latitude in deciding whether to grant leave to amend." ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 55 (1st Cir. 2008) (citing  O'Connell v. Hyatt Hotels of P.R., 357 F.3d 152, 154 (1st Cir. 2004)). The timing and the context in which a motion to amend is filed are crucial to the court's ruling on the issue. Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004). Requests for leave to amend have been denied due to "undue delay, bad faith or dilatory motive...repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party...[and] futility of amendment." Advest, Inc., 512 F.3d at 56 (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

**CIVIL NO. 08-1281 (SEC)**                                                                                             Page 3

The burden on a plaintiff seeking to amend a complaint becomes more exacting as the case progresses. Scheduling orders typically establish a cut-off date for amendments, which replaces the liberal default rule with the more demanding "good cause" standard of FED. R. CIV. P. 16(b)(4). Steir, 383 F.3d at 12 (citing O'Connell, 357 F.3d at 154-155). Whereas Rule 15(a) focuses on the moving party's bad faith, and the prejudice to the opposing party, Rule 16(b)(4)'s "good cause" standard emphasizes the diligence of the party seeking the amendment. O'Connell, 357 F.3d at 155. Therefore, the more a plaintiff delays, the more likely the motion to amend will be denied. This, added to factors such as whether the amendment requires the re-opening of discovery, additional costs, and substantial changes to the course of the case, will necessarily influence the court's decision. Steir, 383 F.3d at 12. Moreover, when the motion to amend is filed after the opposing party has timely moved for summary judgment, a plaintiff is required to show "substantial and convincing evidence" to justify a belated attempt to amend a complaint. Steir, 383 F.3d at 12.

However, Rule 16(b)(4) recognizes "that the parties will occasionally be unable to meet these deadlines because scheduling order deadlines are established relatively early in the litigation." O'Connell, 357 F.3d at 155. Therefore, a scheduling order deadline may be extended by the court when the moving party shows that the deadline cannot reasonably be met despite exercising due diligence. Id.

**Applicable Law and Analysis**

Plaintiff requests leave to amend the complaint to state that CPA is a d/b/a of ECL Enterprises, Inc. Thus Plaintiff requests that the caption to this case should read: ECL Enterprises, Inc. d/b/a Carribean Parts Agency, Inc. v. Hastings Manufacturing Company, LLC. In its original motion to amend, Plaintiff contends that the proceedings will not be delayed, that the other party's rights will not be harmed, and that the proposed amendment is in the interest

**CIVIL NO. 08-1281 (SEC)**                                                                                              Page 4

of judicial economy. In opposition, Defendant argues that Plaintiff's request to amend has been brought in bad faith, advances a claim that is legally insufficient, and is untimely, insofar as the scheduling order issued by this Court established a June 2, 2008 cut-off date to amend the pleadings. In the reply thereto, Plaintiff states that the error made in identifying Plaintiff as CPA, instead of as ECL d/b/a/ CPA, was made in good faith when drafting the original complaint. Plaintiff further explains that said error was due to the fact that ECL officers consistently use the name of CPA for all of its commercial purposes.

Since the deadline of June 2, 2008 to amend the pleadings established by the scheduling order had already passed when this motion to amend was filed on September 11, 2008, the more demanding "good cause" standard of FED. R. CIV. P. 16(b)(4) applies in this case, instead of the liberal standard under FED. R. CIV. P. 15(a). Steir, 383 F.3d at 12 (citing O'Connell, 357 F.3d at 154-155). Under the "good cause" standard, this Court must consider whether (1) the party seeking the amendment has been diligent in filing said motion, (2) the amendment requires the re-opening of discovery, (3) there will be additional costs, and (4) there will be substantial changes to the course of the case. Id.

*(1) Has the party seeking the amendment been diligent in filing said motion?*

Defendant avers that Plaintiff's motion to amend is untimely insofar as the scheduling order issued by this Court established a June 2, 2008 cut-off date to amend the pleadings. However, Defendant is wrong to believe that the June 2, 2008 deadline is a decisive "cut-off" date. Rather, as stated above, after the deadline set in the scheduling order has passed, the party seeking leave to amend must meet the higher burden imposed by Rule 16(b)(4) of "good cause" to amend, as opposed to Rule 15(a)'s more liberal standard of allowing amendments "if justice so requires." Moreover, as mentioned above, Rule 16(b)(4) recognizes that there are times when a party cannot meet the deadlines set out in the scheduling order since they are established

**CIVIL NO. 08-1281 (SEC)**                                                                 Page 5

relatively early in the litigation. O'Connell, 357 F.3d at 155. As such, it is within this Court's discretion to extend these deadlines when the moving party shows that they will not be able to meet the deadline. Id. Therefore, while this motion has been brought by Plaintiff after the June 2, 2008 deadline, and could thus be considered untimely, it will still be taken into consideration by this Court.

In the initial motion to amend, Plaintiff states that the reasons for the amendment were only identified during discovery, when the deadline to amend the pleadings had already passed. Defendant, however, states that Plaintiff's request to amend was brought in bad faith since Plaintiff knew or should have known from the inception of this suit that CPA was not Plaintiff's true name.

In response to defendant's allegation Plaintiff takes great effort to evince why the initial misnomer occurred, and why it should be understood as an error committed in good faith. To support this argument, Plaintiff points to numerous exhibits establishing that ECL consistently used the name CPA during its regular course of business. According to Plaintiff, this caused the misnomer at the outset of this case.[1]

The evidence provided is sufficient to show that Plaintiff's initial error in naming Plaintiff as CPA instead of as ECL d/b/a CPA, was a good faith error. Moreover, the record shows that Plaintiff filed the motion to amend at issue exactly two days after this error was

---

[1] Certificate of Merchant's Registry, # 0312041-0016, issued by the Department of the Treasury of Puerto Rico in which CPA appears as the commercial name of ECL. Exhibit I. Municipal License issued by the Municipality of Bayamón from 2004-2005 in which it appears that CPA is a d/b/a/ name of ECL. Exhibit II. A demand deposit account agreement executed by ECL with Banco Popular, a check used by CPA, and a money transfer from HMC to ECL, all using the same account number. Exhibits III, IV, and VI. An e-mail sent to Mr. Jeff Gunther, a representative of HMC, in which Plaintiff explains that its name is being changed from Carribean Parts Plus to Carribean Parts Agency. Exhibit V.

**CIVIL NO. 08-1281 (SEC)**                                                                                               Page 6

revealed during the deposition of Mr. Colón. As such, this Court finds that Plaintiff was diligent in the filing of said motion.

*(2) Will there be a need to re-open discovery if the amendment is granted?*

In its supplemental motion, Plaintiff also points out that, were these amendments to be granted, there would be no need for further discovery since the parties and the evidence in this case will remain the same. Defendant does not contest this fact.

The evidence provided by Plaintiff shows that CPA is the d/b/a/ or commercial name of ECL. This, in turn, supports Plaintiff's averment that the proposed amendments serve to correct Plaintiff's name, and will not bring into the case any new persons of interest, nor any new evidence, since ECL is the same entity as CPA. Therefore, this Court finds that granting the amendment would not entail the need for any further discovery.

*(3) Will there be additional costs if the amendment is granted?*

Plaintiff also points out that granting their motion to amend will actually contribute to judicial economy since ECL may bring the same suit against the Defendant, for the same cause of action as CPA. In support thereof, Plaintiff notes that, since the tolling period for actions under the Puerto Rico Sales Representative Act, 10 P.R. Laws Ann. § 279 *et seq*. (commonly referred to as "Law 21"), is three (3) years, and the letter of termination sent to the Plaintiff was dated November 14, 2006, ECL could re-file this suit against Defendant. According to Plaintiff, this would entail an incursion of unnecessary costs and time by both parties and this Court. Defendant does not contest this fact either.

Considering that the statute of limitations has not tolled for the action for which Plaintiff is suing Defendant, this Court finds that there would actually most likely be higher costs if the amendment were *not* granted, since it will presumptively precipitate ECL to bring the same case against Defendant.

**CIVIL NO. 08-1281 (SEC)**                                                                Page 7

*(4) Will there be substantial changes to the course of the case if the amendment is granted?*

Plaintiff points out that the amendments sought would not interfere with other deadlines set by this Court. Plaintiff further states that granting this amendment would not "delay . . . the prosecution of the case because there is no need to bring other persons whose presence in the proceedings would cause, for example, additional discovery or a necessity of service of process." Docket # 29. Defendant does not contest this fact.

While there have been delays in the proceedings of this case since the filing of Plaintiff's initial motion to amend, none of these delays were directly caused by Plaintiff. As mentioned above, the amendment only seeks the correction of Plaintiff's name, and would not entail a change or addition to any of the parties, or any of the evidence. Therefore, all proceedings may have continued as planned, and all dates in the scheduling order may have been met.

Considering the foregoing, this Court finds that Plaintiff has met the "good cause" standard required by Rule 16(b)(4). As such, Plaintiff's request to amend the complaint is **GRANTED**.

Notwithstanding the above, this Court further notes that Plaintiff's proposed amendment is appropriate under Rule 17(a). Said rule provides that: "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." This rule has been interpreted as a means to avoid injustice when a good faith error has been made in selecting the party in whose name the action should have been brought. 6A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure § 1555 (2d ed. 2008). Under this interpretation, where an honest mistake or inadvertent error

**CIVIL NO. 08-1281 (SEC)**                                                              **Page 8**

is concerned, injustice is to be avoided by allowing the real party in interest to be substituted into the action.

Thus courts must liberally grant substitution when the error in naming the real party in interest has been committed in good faith. As previously held, the evidence presented by Plaintiff supports its contention that the initial naming of the Plaintiff as CPA was a good faith error in its part. As such, substitution would also be appropriate in this case.

**Conclusion**

Based on the foregoing, Plaintiffs' motion to amend is **GRANTED**.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, this 7th day of July, 2009.

*S/Salvador E. Casellas*
Salvador E. Casellas
U.S. District Judge